## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 14-22943-CIV-LENARD/GOODMAN

KIM T. SCOTT-LUSTER,

      Plaintiff,

v.

CITY OF MIAMI FIRE RESCUE, et al.,

      Defendants.

_____/

### ORDER REQUIRING PLAINTIFF TO RE-FILE HER MOTION TO PROCEED *IN FORMA PAUPERIS*, PAY THE REQUISITE FILING FEE, OR ELSE SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED

This matter is before the Court on the District Court's referral to the Undersigned for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters. [ECF No. 5].

The Undersigned previously denied without prejudice Plaintiff's motion to proceed *in forma pauperis* because the form accompanying the motion was not completed properly, and the Undersigned was unable to evaluate whether Plaintiff met the requirements to proceed *in forma pauperis*.

In that prior Order, the Undersigned specified that Plaintiff could re-file her motion to proceed *in forma pauperis*, and that once she did, the Court would again evaluate her application.

More than two months have passed and Plaintiff has still not re-filed her motion to proceed *in forma pauperis*.[1] The Undersigned, by this Order, will give Plaintiff an additional period of time to re-file her motion to proceed *in forma pauperis* or to pay the $400.00 filing fee necessary to file her complaint. **Plaintiff has until December 1, 2014 to re-file her motion to proceed *in forma pauperis*, with a properly signed affidavit, to pay the $400.00 filing fee necessary to file her complaint, or else to show cause why this case should not be dismissed. If**

---

[1]     Plaintiff may have never received the Undersigned's prior Order denying the motion to proceed *in forma pauperis* without prejudice. On September 16, 2014, the paper copy of the Order that was mailed to Plaintiff was returned to the Undersigned's chambers as undeliverable. [ECF Nos. 7; 8]. However, Plaintiff has an affirmative obligation to update the Court as to any change in her address, and her failure to do so cannot excuse her failure to comply with Court orders. *Ealy v. Geo Grp., Inc.*, No. 5:12-CV-00205-MP-CJK, 2014 WL 4437636, at *9 (N.D. Fla. Sept. 5, 2014).

the Plaintiff fails to meet this deadline, then the Undersigned will recommend to the District Court that this action be dismissed.[2]

**DONE** and **ORDERED** in Chambers, in Miami, Florida, November 3, 2014.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Hon. Joan A. Lenard

**Kim T. Scott-Luster**
13300 Alexandria Drive
Opa-locka, FL 33054
305-548-9237
**PRO SE**

---

[2]     The Eleventh Circuit has affirmed *sua sponte* dismissal *with prejudice* of a pro se plaintiff's case for repeated failure to prosecute after a finding that lesser sanctions would not remedy the plaintiff's intransigence. *See Thomas v. Montgomery Cnty. Bd. of Educ.*, 170 F. App'x 623, 626 (11th Cir. 2006). In this case, should Plaintiff continue to fail to re-file her motion to proceed *in forma pauperis* there would be ample ground for a finding that lesser sanctions would not cure her intransigence -- Plaintiff will have failed to prosecute her case.

3